ORIGINAL

Approved: _____
JAMIE E. BAGLIEBTER
Assistant United States Attorney

Before: THE HONORABLE KEVIN N. FOX
United States Magistrate Judge
Southern District of New York

20 MAG 2593

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA           :   **COMPLAINT**

    - v. -                          :   Violation of 18 U.S.C.
                                        § 922(g)(1)
LUIS RIVERA,                        :
                                        COUNTY OF OFFENSE:
            Defendant.              :   BRONX

- - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

JAMES RODRIGUEZ, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

COUNT ONE

1. On or about January 26, 2020, in the Southern District of New York, LUIS RIVERA, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess, in and affecting commerce, ammunition, to wit, in the Bronx, New York, RIVERA possessed a Smith and Wesson .40 caliber cartridge, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

The bases for my knowledge and the foregoing charges are, in part, as follows:

2. I am a Detective with the NYPD and I have been involved in the investigation of this matter. My duties and responsibilities include the investigation of firearms offenses, among other crimes. I base this affidavit on that personal experience, as well as on my conversations with other law

enforcement agents, and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

    3. Based on my review of NYPD reports, I have learned, in substance and in part, the following:

    a. On or about January 26, 2020, at approximately 12:26 a.m., NYPD officers responded to a report of a shooting (the "Shooting") at a nightclub in the Bronx (the "Nightclub").

    b. At the Nightclub, NYPD officers recovered a Smith and Wesson .40 caliber bullet on the floor of the Nightclub immediately outside of a VIP room (the "VIP Room"). The NYPD officers also observed a bullet hole in a door within the VIP Room and in the ceiling.

    c. When NYPD officers responded to the Nightclub, the officers observed a white vehicle (the "Vehicle") driving rapidly away from the Nightclub. NYPD officers followed the Vehicle but were unable to stop the Vehicle.

    d. The victim of the Shooting (the "Victim") sustained a graze wound to the right side of his neck.

    e. On or about January 28, 2020, an eyewitness to the Shooting (the "Witness") was shown a six-pack photo array that contained a photograph of LUIS RIVERA, the defendant, and the Witness identified RIVERA as an individual that he saw with a gun in the Nightclub.

    4. Based on my review of surveillance footage from inside the Nightclub, I have learned, in substance and in part, the following:

    a. On January 26, 2020, the Victim was seated in the VIP Room of the Nightclub when an individual, who has since been identified as LUIS RIVERA, the defendant, approached the Victim. RIVERA's face is not visible in the surveillance footage.

b. In the video, RIVERA is wearing a black baseball hat with a white logo and a long sleeve shirt with words and images on the front and back of the shirt.

c. RIVERA exchanged words with the Victim. RIVERA was holding a firearm in his left hand and lifted his arm to point the firearm at the ceiling. RIVERA then leaned into the Victim's body and spoke into the Victim's ear. RIVERA and the Victim got into a physical altercation during which the firearm was discharged and RIVERA pulled the Victim to the ground while beating him.

5. I have reviewed photographs taken of surveillance footage from outside of the Nightclub, and based on that review, I have learned, in substance and in part, that after the Shooting, RIVERA enters a white vehicle that is parked outside in the vicinity of the Nightclub. RIVERA's face cannot be seen in the video, but his clothing matches the clothing of the shooter in surveillance footage from inside the Nightclub.

6. Based on my review of records from the New York State Department of Motor Vehicle, I have learned, in substance and in part, that the address for the registration of the Vehicle matches an address that LUIS RIVERA, the defendant, has previously provided to law enforcement.

7. On or about March 4, 2020, LUIS RIVERA, the defendant, was arrested by law enforcement officers. I have reviewed a video recording of an interview of RIVERA conducted after RIVERA's arrest. Based on that review, I have learned, in substance and in part, the following:

a. RIVERA was advised of his Miranda rights, waived those rights and agreed to speak with the Detective.

b. RIVERA stated that he got into an argument with a male inside the Nightclub.

c. RIVERA further stated that he fired five or six rounds of ammunition.

d. RIVERA was asked whether he entered a white Acura after leaving the Nightclub, and RIVERA responded affirmatively.

8. Based on my communications with an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives who is

familiar with the manufacturing of ammunition, I know that Smith and Wesson ammunition is not manufactured in New York State.

9. I have reviewed criminal history records pertaining to LUIS RIVERA, the defendant, which show that RIVERA has previously been convicted of an offense punishable by imprisonment for more than one year, to wit, a conviction on or about August 25, 2006 in Kings County Supreme Court of Attempted Criminal Possession of a Loaded Firearm, in violation of New York Penal Law § 265.02, a felony, which resulted in a sentence of three years of imprisonment. Further, RIVERA was convicted on January 7, 2000, in Washington County Court, with attempted promoting of prison contraband in the first degree, in violation of New York Penal Law § 205.05, a felony, for which he was sentenced to 18 months to 3 years' imprisonment. RIVERA was also convicted in King County Criminal Court on February 25, 1998 with attempted robbery in the second degree, in violation of New York Penal Law § 160.10, a felony, which resulted in a sentence of two to four years' imprisonment.

WHEREFORE, the deponent respectfully requests that LUIS RIVERA, the defendant, be arrested and imprisoned, or bailed, as the case may be.

JAMES RODIRGUEZ
DETECTIVE
NEW YORK CITY POLICE DEPARTMENT

Sworn to before me this
6th day of March, 2020

THE HONORABLE KEVIN N. FOX
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4